IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| ROY COLLIER and CONSTANCE COLLIER, | Case No. 2:20-cv-00681-HL |
| Plaintiffs, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, as Trustee of Stanwich Mortgage Loan Trust A, | |
| Defendant. | |

HALLMAN, United States Magistrate Judge:

Plaintiffs Roy and Constance Collier assert this quiet title action against Defendant Wilmington Savings Fund Society, FSB ("Wilmington"), seeking to enjoin Defendant from claiming any interest in Plaintiffs' real property in Wallowa County, Oregon. Defendant has also filed a crossclaim against Plaintiffs, seeking a declaratory judgment stating that Defendant is the present beneficiary, has a superior interest, and has the right to enforce its rights under the Deed

of Trust. This matter now comes before the Court on cross Motions for Summary Judgment and Defendant's Request for Judicial Notice. The Court heard oral argument on these motions on December 3, 2021. ECF 59. For the reasons discussed below, Plaintiffs' Motion for Summary Judgment should be DENIED; Plaintiffs' Quiet Title claim should be DISMISSED without prejudice; Defendant's Motion for Summary Judgment should be GRANTED in part as to Plaintiffs' Quiet Claim and DENIED in part as to Defendant's counterclaim; Defendant's counterclaim should be DISMISSED without prejudice for lack of jurisdiction; and Defendant's Request for Judicial Notice should be GRANTED

## FACTUAL BACKGROUND

The following facts are undisputed. In 2006, Plaintiffs purchased real property to use as their second home in Wallowa County, Oregon. D. Zachary Hostetter Decl. ("Hostetter Decl."), Ex. 3 at 33, ECF 12. Plaintiffs financed the purchase of the property with a $375,000 loan from GreenPoint Mortgage Funding, Inc. ("Greenpoint"). Hostetter Decl. ¶ 3. As evidence of the loan financing, Plaintiffs executed a promissory note ("Note") that was secured by a mortgage ("Deed of Trust"). *Id.* The security interest in the Deed of Trust was perfected by recording on December 19, 2006, in the land records of Wallowa County, Oregon. *Id.*

On August 28, 2012, the Note and Deed of Trust were assigned to JP Morgan Chase Bank Association ("Chase"). Hostetter Decl. ¶ 13, Ex. 9. Additionally, the Note was endorsed to Chase. *Id.* Bank of America, N.A., ("Bank of America") serviced, and was in possession of, the Note. Hostetter Decl. Ex. 10.

At some point between August 28, 2012, and January 7, 2013, Bank of America lost the Note. Elizabeth A. Ostermann Decl. ("Ostermann Decl.") ¶ 8, Ex. 2, ECF 18. Subsequently, on January 7, 2013, Bank of America executed a Lost Note Affidavit for Chase. *Id.* The Lost Note

Affidavit stated that "the Note has been lost," and that "possession of the [N]ote cannot reasonably be obtained because the Note was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person." Hostetter Decl. Ex. 2 at 1-2.

Eventually, the Note and Deed of Trust made its way back to Greenpoint. On June 5, 2015, Chase assigned the Note and Deed of Trust back to GreenPoint through an Assignment of Deed Trust. Hostetter Decl. Ex. 10. On October 5, 2018, GreenPoint executed a limited power of attorney designating Carrington Mortgage Services, LLC ("Carrington") as GreenPoint's attorney-in-fact. Hostetter Decl., Ex. 5. Accordingly, Carrington became the loan servicer. *Id.*

In January 2019, Carrington conveyed all GreenPoint's interest in the Deed of Trust to Defendant. Hostetter Decl. Ex. 7. Carrington executed an Assignment of Mortgage that conveyed all beneficial interest, "together with the [N]ote and obligations therein described." *Id.* The Assignment of Mortgage was recorded five months later in Wallowa County, Oregon, on June 12, 2019. *Id.* On May 6, 2021, Carrington executed a Lost Note Allonge, endorsing it in blank to Defendant. Supp. Ostermann Decl. ¶ 8, Ex. B, ECF 45.

The property has not been, and is not, in the actual possession of anyone other than Plaintiffs. Hostetter Decl. ¶ 3. Further, there are no foreclosure proceedings pending on the property.

## PROCEDURAL BACKGROUND

Plaintiffs initially filed this action in Oregon state court, and this case was removed to this District Court in April 2020. *See* Notice of Removal of Action, ECF 1. Plaintiffs assert one claim for relief for quiet title against Defendant. *Id.* at Ex. A ("Pls. Compl."), 1. They seek a judgment "[q]uieting title" on their property and "[e]njoining [D]efendant and those claiming under [D]efendant from asserting any estate, title, claim, lien, or interest in the premises or any

portion thereof including, but not limited to, any interest arising under the Deed of Trust now or in the future." *Id.* at 5-6. In response, Defendant filed a counterclaim for declaratory relief, seeking broad declaratory relief concerning the deed of trust, its lien position, and the effect of prior litigation between the parties. Ans. & Counterclaim for Decl. Relief 7-10, ECF 4. Presently before the Court are the parties' cross-motions for summary judgment on both Plaintiffs' quiet title claim and Defendant's counter claim for declaratory relief, and Defendant's Request for Judicial Notice.[1]

## LEGAL STANDARDS

### I. *Sua Sponte* Dismissal for Failure to State a Claim for Relief

A complaint may be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In reviewing a dismissal for failure to state a claim, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Oki Semiconductor Co. v. Wells Fargo Bank,* 298 F.3d 768, 772 (9th Cir. 2002). "A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim. . . . " *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357 at 593 (1969)). "The

---

[1] In August 2020, Plaintiffs filed their original Motion for Summary Judgment. Pls. Mot. Summ. J., ECF 11. Defendant filed a response to Plaintiffs' motion and filed its own Motion for Summary Judgment on its counterclaim. Def. Resp. Pls. Mot. Summ. J. & Def. Mot. Summ. J., ECF 16. On January 6, 2021, the parties filed Joint Motion for Extension of Discovery and Pre-Trial Order ("PTO") deadlines to reopen discovery and subsequently "file any amended or supplemental briefs in support of summary judgment," which was granted. Stipulated Mot. Extension Discovery & PTO Deadlines 2, ECF 23; January 7, 2021, Order, ECF 24. Subsequently, Plaintiffs filed a Supplemental Motion for Summary Judgment, Pls. Supp. Mot. Summ. J., ECF 36, and Defendant filed a Supplemental Response to Plaintiffs' motion. Def. Supp. Resp. Pls. Am. Mot. Summ. J., ECF 43. Additionally, Defendant has filed a motion seeking judicial notice of the assignments of the Deed of Trust, complaints filed in state court, and a disclaimer of interest from Bank of America. Def. Request Judicial Notice, ECF 19.

court must give notice of its intention to dismiss and give the plaintiff some opportunity to respond unless the '[p]laintiffs cannot possibly win relief.'" *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

## II. Motions for Summary Judgment

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id.* A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998) (citation omitted).

The substantive law governing a claim or defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

When Oregon law applies to an issue, this Court must interpret and apply Oregon law as the Oregon Supreme Court would apply it. *See S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 473 (9th Cir. 2001). If no decision by the Oregon Supreme Court is available to guide the Court's interpretation of state law, the Court must predict how the Oregon Supreme Court would decide the issue by using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. *Id.*

## DISCUSSION

In their motion for summary judgment, Plaintiffs argue that "Defendant has no valid estate, title, claim, lien, right, or interest" in the property because Defendant does not possess the original Note that was lost in 2013, so the Note is unenforceable under Or. Rev. Stat. ("ORS") 73.0301. Pls. Supp. Mot. Summ. J. 6-25. Plaintiffs also raise numerous alternative theories as to why the Note is unenforceable. *Id*. In response, Defendant contends that Plaintiffs' quiet title claim fails as a matter of law. Def. Resp. Pls. Mot. Summ. J. 5-25; Def. Resp. Pls. Summ. Mot. Summ. J. 6-16. Additionally, Defendant argues in support of its claim that it has a valid interest in the property and can enforce the Note in light of the Lost Note Affidavit, so it is entitled to declaratory relief to that effect. Def. Mot. Summ. J. 5, 25-26.

The Court, having reviewed the parties' extensive briefing on all the issues, concludes that Plaintiffs' Motion for Summary Judgment should be denied given that (1) Plaintiffs' quiet title claim fails as a matter of law, as Plaintiffs fail to allege that the Deed of Trust was satisfied or that they have the present ability to satisfy the Deed of Trust; and (2) the Lost Note Affidavit is an adequate substitute for the lost original Note, so—because Defendant's assignment of the interest in the property was properly recorded—Defendant has a sufficient interest to enforce the Note securing the Deed of Trust.

This Court does not consider the parties' remaining arguments with respect to Defendant's lien on the title, which could only be considered the context of granting the declaratory relief sought in Defendant's counterclaim. Instead, Defendants' counterclaim for declaratory relief does not establish an "actual controversy" under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), so Defendant's counterclaim should be dismissed *sua sponte* for lack of jurisdiction. Thus, Defendant's Motion for Summary Judgment in support of its counterclaim should be denied. Finally, Defendant's Motion for Judicial Notice should be granted.

I. **Plaintiffs' Quiet Title Claim**

    A. **Plaintiffs fail to state a claim for quiet title.**

Plaintiff's quiet title claim is governed by Oregon state law. Under Oregon law, a quiet title claim is an equitable action used to determine conflicting adverse claims, interests, or estates in real property. ORS 105.605. The governing statute provides in full that

> Any person claiming an interest or estate in real property not in the actual possession of another may maintain a suit in equity against another who claims an adverse interest or estate therein for the purpose of determining such conflicting or adverse claims, interests or estates.

ORS 105.605.

A judgment quieting title requires the plaintiffs to "prove that they have a substantial interest in, or claim to, the disputed property and that their title is superior to that of defendants." *Coussens v. Stevens*, 200 Or. App. 165, 171 (2005). That standard "require[s] that [the] plaintiffs prevail on the strength of their own title as opposed to the weakness of [the] defendants' title." *Id.* To rely on the strength of their own title against a mortgagee defendant, the borrowing plaintiffs must "expressly allege that: (1) '[their] title is superior to that of defendants' and (2) 'the subject loan has been satisfied or that plaintiff[s are] ready, willing and able to tender the full amount on the loan.'" *Oliver v. Delta Financial Liquidating Trust*, No. 6:12-cv-00869-AA,

2012 WL 3704954, at *5 (D. Or. Aug. 27, 2012) (quoting *Rigor v. Freemont Inv. & Loan*, No. 11-CV-6332-TC, 2012 WL 913631, at *1 (D. Or. Feb 13, 2012)). As a court in this district has noted,

> A mortgagor, however, cannot demonstrate that she has greater title over the subject property than the mortgagee when the subject property secures an outstanding indebtedness. Moreover, equity would not be served by the court granting a quiet-title claim that would nullify a security interest without also ensuring that the underlying debt had been satisfied.

*Swango v. Nationstar Sub1, LLC*, 292 F. Supp. 3d 1134, 1144 (D. Or. 2018).

Importantly, Oregon is a lien theory state, "meaning that a mortgage on real estate does not convey legal or equitable title or interest to the holder of the mortgage (mortgagee). Instead, the mortgagee has only a lien on the property." *Kerr v. Miller*, 159 Or. App. 613, 621 (1999) (citing ORS 86.010). Thus, as a lienholder, a mortgagee may foreclose in the event of a default. ORS 86.010 ("A mortgage of real property is not a conveyance so as to enable the owner of the mortgage to recover possession of the property without a foreclosure and sale."). *See Land Associates, Inc. v. Becker*, 294 Or. 308, 312 (1982) (explaining the history of mortgages and Oregon's adoption of a lien theory of mortgage).

Here, Plaintiffs' claim to quiet title is based completely on the purported weakness of Defendant's interest in the property rather than the strength of their own interest. *See* Pls. Supp. Mot. Summ. J. 6. Plaintiffs concede that they have not made any payments on their loan since 2009. Pls. Resp. Def. Mot. Summ. J. 2; Pls. Ans. ¶ 7. More importantly, Plaintiffs do not assert, nor can they, that the outstanding loan has been repaid in full. The parties further agree that Defendant's interest in the property would be a lien on the property. *See* Pls. Reply Def. Supp. Resp. Pls. Supp. Mot. Summ. J. 3-4, ECF 54; Def. Reply Pls. Resp. Mot. Summ. J. 5.

Plaintiffs do not provide a basis upon which they are entitled to quiet title. Essentially, Plaintiffs seek to expunge their debt as a result of previous assignees' actions in losing the original Note. It is undisputed, however, that Plaintiffs executed the Note to receive a loan on their property and contractually agreed to repay the loan. Plaintiffs remain responsible for fulfilling their ongoing debt obligation, and "equity would not be served by the court granting a quiet-title claim that would nullify a security interest without also ensuring that the underlying debt had been satisfied." *Swango*, 292 F. Supp. 3d at 1144. As is discussed above, satisfaction of the underlying loan is a prerequisite to quieting title. Thus, Plaintiffs' claim for quiet title should fail as a matter of law.[2]

B. **The Lost Note Affidavit is an adequate substitute for the lost original Note.**

Even if Plaintiffs could state a claim for quite title, Plaintiffs' claim should fail as a matter of law for the alternative reason that the Lost Note Affidavit is a sufficient substitute for the original lost Note. Plaintiffs' claims for quieting title are premised on the fact that "Defendant does not possess the original Note and never has." Compl. ¶ 14. Plaintiffs argue that Defendant cannot establish that it is the beneficiary of the Deed of Trust because Defendant does not possess the original Note, so Defendant is unable to enforce the Note pursuant to ORS 73.0301. Pls. Resp. Def. Mot. Summ. J. 6-25. Simply put, Plaintiffs contend that Defendants cannot enforce any lien on the property without the original Note because Defendants did not possess the Note when it was lost. *Id*. The Court is unconvinced.

---

[2] Plaintiffs argue that even if they cannot maintain an action for quiet title, then this Court should still enter declaratory relief in their favor based on its authority under Oregon's Declaratory Judgment Act. *See* Pls. Reply Def. Supp. Resp. Pls. Supp. Mot. Summ. J. 4-5. But Plaintiffs have not pleaded a claim for declaratory judgment. Moreover, Plaintiffs should not be entitled to a declaratory judgment because their underlying claim fails on the merits and because this Court should conclude that declaratory relief is inappropriate for the reasons discussed below.

"In the context of judicial foreclosure on a negotiable instrument such as a promissory note secured by a Deed of Trust or mortgage, the power to enforce the underlying note is established by ORS 73.0301 (UCC § 3–301)." *Deutsche Bank Tr. Co. Americas v. Walmsley*, 277 Or. App. 690, 696 (2016) (emphasis added). Under ORS 73.0301, a party entitled to enforce a negotiable instrument, such as a promissory note secured by a Deed of Trust, includes "a person not in possession of the instrument who is entitled to enforce the instrument pursuant to ORS 73.0309. . . ." ORS 73.0309 provides that

> (1) A person not in possession of an instrument is entitled to enforce the instrument if:
>
>> (a) The person was in possession of the instrument and entitled to enforce it when loss of possession occurred;
>>
>> (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
>>
>> (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
>
> (2) A person seeking enforcement of an instrument under subsection (1) of this section must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, ORS 73.0205 applies to the case as if the person seeking enforcement had produced the instrument."

ORS 73.0309.

Numerous courts in this district, however, have rejected the so-called "show me the note" argument, a version of which Plaintiffs appear to make in this proceeding:

> In 2009, a foreclosure defense colloquially termed "show me the note" began circulating through courts across the country. Advocates of this theory believe "that only the holder of an original wet-ink signature note has the lawful power to initiate a nonjudicial foreclosure." Courts have routinely rejected the defense on the ground that foreclosure statutes simply do not require production of the original note at any point during the proceedings.

*Hubbard v. Bank of Am.*, No. 10-3094-CL, 2011 WL 2470021, at *3 (D. Or. Apr. 21, 2011), *report and recommendation adopted*, No. 1:10-CV-03094-CL, 2011 WL 2462961 (D. Or. June 20, 2011) (quoting *Stein v. Chase Home Fin., LLC*, No. 09-1995, 2010 WL 4736828, at *3 (D. Minn. Aug. 13, 2010) (internal quotations omitted); *see Sundell–Bahrd v. Tiffany & Bosco, P.A.*, No. CV 10–8096–PCT–MHM, 2010 WL 2595083, at *2 (D. Ariz. June 24, 2010). Further, under Oregon law, "the Oregon Deed of Trust Act, O.R.S. § 86.705 *et seq.*, does not require presentment of the Note . . . other than the Deed of Trust." *Stewart v. Mortg. Elec. Registration Sys., Inc.*, No. 09–687–PK, 2010 WL 1055131, at *12 (D. Or. Feb. 9, 2010), *adopted by order*, 2010 WL 1054775 (D. Or. Mar. 19, 2010).

The Court finds the intra-district decision in *Hubbard v. Bank of America* factually comparable and, thus, persuasive to the case presented. In *Hubbard*, the plaintiffs' complaint arose "from their allegations that [the] defendant ha[d] not shown that it [was] the holder in due course of their note and deed of trust." *Hubbard*, 2011 WL 2470021, at *2. Similar to the case at hand, those plaintiffs did not allege that the defendant had commenced any foreclosure proceedings or had undertaken any collection activities on the loan. *Id.* at *3. That court recognized that the "focus of [the] plaintiffs' complaint [was] that [the] defendant must produce the original wet ink signature note to prove that it is the note holder in due course of [the] plaintiffs' promissory note and deed of trust." *Id.* The court rejected the plaintiffs' "show me the note" argument as "not viable." *Id.* (internal quotation omitted).

The only difference between *Hubbard* and the present case is that the defendants in *Hubbard* possessed the original Note while Defendant here never possessed the original Note, which has been lost. Both parties acknowledge that, overall, there is limited case law on the issue whether one who does not possess an original note, and only possesses a Lost Note

Affidavit, is a holder of the note and, thus, can enforce a note secured by the Deed of Trust. The parties could not locate any Oregon caselaw that has squarely discussed the issue and neither could the Court. And "[w]here the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986). Despite the lack of caselaw from the Oregon state appellate courts, Defendant points to a Ninth Circuit Bankruptcy Appellate Panel decision that interpreted a Washington statute, which is nearly identical to ORS 73.0309, and concluded that an assignee of a lost promissory note can still enforce the note based on the lost note affidavit: *In re Allen v. U.S. Bank*, 472 B.R. 559 (B.A.P. 9th Cir. 2012).

In *Allen*, the plaintiffs executed a promissory note that was secured by a recorded deed of trust. *Id.* at 562. The promissory note was subsequently lost, and the mortgagee executed a Lost Note Affidavit agreement for the lost note. *Id.* Following the execution of the lost note affidavit, the mortgagee assigned all of "its rights, title and interest" in the mortgage loan to another creditor, DLJ. *Id.* A few months later, DLJ entered into a Pooling and Service Agreement ("PSA"), which established US Bank as the trustee under the PSA. *Id.* In relevant part, the PSA provided that US Bank had the right, title, and interest in and to the mortgage loan. *Id.* at 563.

Subsequently, the plaintiffs filed for bankruptcy, and US Bank filed a secured proof claim for the amount secured under the loan in response. *Id.* Over the plaintiffs' objection, the Bankruptcy Court "found that the lost note affidavit was sufficient to replace the original promissory note." *Id.* at 564.

On appeal before the Ninth Circuit Bankruptcy Appellate Panel, the panel recognized at the outset that it was undisputed that (1) the plaintiffs had executed the promissory note and deed

of trust in connection with the mortgage loan; (2) the plaintiffs still owed on that loan; and (3) that some entity owes a secured claim on that loan. *Id.* Accordingly, the panel stated that "[t]he sole issue presented . . . [was] whether [US Bank] was [that] creditor." *Id.*

First, the panel examined RCW 62A.2-201: a Washington statute modeled after Uniform Commercial Code ("UCC") § 3-301 that lists the three ways that a party can become entitled to enforce a promissory note. *Id.* at 565. RCW 62A.2-201 refers to RCW 62A.3-309, which applies to the enforceability of lost notes and provides that:

> (a) A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
>
> (b) A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, RCW 62A.3–308 applies to the case as if the person seeking enforcement had produced the instrument[.]''

*Id.* at 565-66 (quoting RCW 62A.3-309).

After examining the plain meaning of RCW 62A.3-309 and cases from other courts with comparable UCC provisions that discuss lost notes, the panel affirmed the bankruptcy court's conclusion that the lost note affidavit was sufficient to replace the original note. *Id.* at 566-67. The panel reasoned that the blank indorsement made the note a "bearer instrument . . . negotiable by transfer of possession alone." *Id.* at 567. As such, the panel concluded that US Bank, although not in possession of the promissory note when it was lost, still had the right to enforce the note and the related deed of trust as a subsequent assignee of the note. *Id.* at 570.

The Court finds the reasoning in *Allen* persuasive in resolving the issue presented here. Although the panel considered a Washington statute, the Washington and Oregon statutes are nearly identical, *compare* ORS 73.0309, *with* RCW 62A.3-309, and the question presented in *Allen* was meaningfully similar to the one at hand. Additionally, in an unpublished decision, the Ninth Circuit affirmed the District of Hawaii's reliance on *Allen*, concluding that a defendant was entitled to enforce a debt agreement using a Lost Note Affidavit under Hawaii law. *Mohr v. MLB, Sub I, LLC*, 860 Fed. App'x 524, 525-26 (9th Cir. 2021) (concluding that the District of Hawaii reasonably relied on *Allen* given the limited Hawaii caselaw on the issue and the nearly identical statutes between Washington and Hawaii).[3] Given that there is no Oregon law authority that speaks directly to this point, the Court predicts that the Oregon Supreme Court, if presented with the issue, would adopt the reasoning set forth in *Allen* as applied to ORS 73.0309.

As was recounted above, Carrington conveyed to Defendant all beneficial interest in the property through an Assignment of Mortgage, "together with the [N]ote and obligations therein described," in January 2019. And that Assignment of Mortgage was recorded five months later in Wallowa County, Oregon, on June 12, 2019. The Court concludes that the Lost Note Affidavit here became the substitute for the Note, so Defendant's continuous possession of the affidavit thus gives it the right to enforce the lost Note. Thus, Defendant may rely on the Lost Note Affidavit as a replacement for the lost Note, and Plaintiffs' motion could be denied on this alternative ground as well.

---

[3] The Court notes that *Mohr* was an unpublished memorandum disposition, and the Court cites *Mohr* as persuasive authority, in light of the limited controlling case law on point, and not as binding legal precedent. *See Grimm v. City of Portland*, 971 F.3d 1060 (9th Cir. 2020) (explaining that "although memorandum dispositions can be cited, and may prove useful," such dispositions may not be used "as the pivotal basis for a legal ruling by a district court").

C.   **Remaining Arguments on Quiet Title Claim**

Both parties present numerous arguments related to Plaintiffs' Quiet Title Claim that the Court declines to address. The remaining arguments discuss a variety of different issues, including (a) whether the Note was properly transferred through a chain of assignments so that Defendant may enforce the Note, *see* Pls. Mot. Summ. J. 17-18; Def. Reply Pls. Resp. Mot. Summ. J. 14-17; Pls. Reply Def. Supp. Resp. Pls. Supp. Mot. Summ. J. 6-15; (b) whether a statute of limitations prevents Defendant from enforcing the Deed of Trust, *see* Def. Resp. Pls. Mot. Summ. J. & Mot. Summ. J. on Counterclaim, 9-12; Pls. Resp. Def. Mot. Summ. J. 8-9; Def. Reply Pls. Resp. Mot. Summ. J. 17-18; (c) the Oregon Trust Deed Act, *see* Def. Resp. Pls. Mot. Summ. J. & Mot. Summ. J. on Counterclaim 17-19; (d) the Oregon common law of assignments, *see id.* at 19-20; Pls. Reply Def. Supp. Resp. Pls. Supp. Mot. Summ. J. 22-24; (e) whether Defendant's allonge was affixed to the Lost Note Affidavit, *see id.* at 17-20; and (f) prior litigation in state court between the parties, *see* Def. Reply Pls. Resp. Mot. Summ. J. 22-25.

The Court has reviewed and considered all the arguments raised by the parties. For multiple reasons, however, the Court declines to address the litany of alternative arguments given that they are not dispositive in resolving the narrow legal claim presented. Plaintiffs' complaint asserts one claim for relief—seeking to quiet title on the property—and does not allege any facts related to the remaining arguments before the Court. *See* Compl. Further, several of Plaintiffs' remaining arguments represent further attacks on the purported weaknesses of Defendant's title, which, as the Court discussed above, are impermissible in quiet title claims. Rather, Plaintiffs' arguments either seek declaratory relief, which has not been asserted by Plaintiffs in this case, or are appropriate for a foreclosure action, which is not before the Court. As a Court of limited jurisdiction, the Court can only resolve claims presented and within the

Court's jurisdiction. And, for reasons discussed below, the Court may not opine on the respective rights and obligations of the parties in the absence of some basis for jurisdiction. Therefore, because the Court can resolve the narrow legal issue presented in Plaintiffs' quiet title claim without addressing these remaining arguments, the Court should not address any remaining arguments from the parties.

## II. Defendant's counterclaim for declaratory relief should be dismissed.

Defendant filed a counterclaim for declaratory relief, seeking broad declaratory relief that goes beyond whether it has the right to enforce the Note. Ans. & Counterclaim for Decl. Relief 7-10, ECF 4. Defendant has also filed a Motion for Summary Judgment seeking judgment in its favor on its counterclaim. Def. Mot. Summ. J., ECF 16. This Court concludes that there is no independent basis for it to take jurisdiction over Defendants' claim for declaratory relief or, in the alternative, that it should not exercise its jurisdiction over those claims. Accordingly, Defendants' counterclaim for declaratory relief should be dismissed *sua sponte* and Defendant's Motion for Summary Judgment should be denied.

### A. The Declaratory Judgments Act

Because this action has been removed to federal court, a state law claim for declaratory relief must be converted to a claim brought under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See Golden Eagle Ins. Co. v. Travelers Cos*., 103 F.3d 750, 753 (9th Cir. 1996) (explaining that when a state-law declaratory judgment claim is removed to federal court under diversity of citizenship jurisdiction, "the claim remain[s] one for declaratory relief, but the question whether to exercise federal jurisdiction to resolve the controversy bec[omes] a

procedural question of federal law"), *overruled on other grounds by Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1224-26 (9th Cir. 1998) (en banc).[4]

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a). The power of the district court to grant declaratory relief is limited to "case[s] of actual controversy." 28 U.S.C. § 2201(a); *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). "To obtain declaratory relief in federal court, there must be an independent basis for jurisdiction." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). And the Declaratory Judgment Act "only creates a remedy and is not an independent basis for jurisdiction." *Id.* Essentially, the question the Court is faced with is whether, under the facts alleged, "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Moreover, the exercise of jurisdiction under the Declaratory Judgment Act is at the discretion of the district court. *Dizol*, 133 F.3d at 1223. Thus, "[e]ven if the district court has subject matter jurisdiction, it is not required to exercise its authority to hear the case." *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002). However, "[a] District Court cannot decline to entertain such an action as a matter of whim or personal disinclination." *Dizol*, 133 F.3d at 1223. When determining whether to retain jurisdiction in a

---

[4] For this reason, the Court declines to consider the parties' arguments as to whether declaratory relief is appropriate under Oregon's Declaratory Judgment Act, ORS 28.010, or the state-court cases addressing the application of that statute.

properly filed declaratory-judgment action, the court "must make a sufficient record of its reasoning to enable appropriate appellate review." *Id.* at 1225.

    **B.**    **Defendant's declaratory relief claim should be dismissed.**

There is no independent basis for jurisdiction for the broad declaratory relief that Defendant seeks. Defendant seeks declaratory relief stating that it is the present beneficiary of the trust; that it holds a valid, superior, and first priority lien on the property; and that it has the ability to enforce its rights under the Deed of Trust. Ans. & Counterclaim 10. However, as is noted above, Plaintiffs' claim for quiet title should be dismissed as a matter of law. At oral argument, Defendant's counsel acknowledged that if Plaintiffs' motion were denied and their claim was dismissed, then Defendant's claim would fail as moot given the lack of an independent basis for jurisdiction. *See* Transcript of Oral Argument at 29:12-23 (Dec. 3, 2021). The Court accepts Defendant's concession. Because there is no basis for jurisdiction for the relief that Defendant seeks, Defendant's counterclaim should be dismissed, and its Motion for Summary Judgment should be denied.

**III.**    **Defendant's Request for Judicial Notice**

Defendant has also filed a Request for Judicial Notice. ECF 19. A court may take judicial notice of facts outside the pleadings if the facts "can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned" under Federal Rule of Evidence 201. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Defendant requests that the Court take judicial notice of the Assignments of the signed Deed of Trust in 2012, 2015, and 2019 recorded in the county land records; the Oregon Bond Residential Loan Program Procedural Manual; the complaints filed in state court; a disclaimer of interest from Bank of America; and the official docket of the state court case. Plaintiffs do not dispute

that they signed the Deed of Trust or filed suit in state court, that it is publishably available and, thus, easily identifiable. Additionally, Plaintiffs do not dispute accuracy or availability of the procedure manual or interest disclaimer from Bank of America. Accordingly, Defendant's request for judicial notice, ECF 19, should be granted.

**RECOMMENDATION**

Plaintiffs' motions for summary judgment, ECF 11 and 36, should be DENIED; Plaintiffs' Quiet Title Claim, ECF 1, should be DISMISSED without prejudice; Defendant's motion for summary judgment, ECF 16, should be GRANTED in part as to Plaintiffs' Quiet Title Claim and DENIED in part as to Defendant's counterclaim. Defendant's counterclaim for declaratory relief, ECF 4, should be DISMISED *sua sponte* without prejudice for lack of jurisdiction. Defendant's request for judicial notice, ECF 16, should be GRANTED.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

It is so ORDERED.

DATED this 27th day of January, 2022.

_____
ANDREW HALLMAN
United States Magistrate Judge