IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROY COLLIER** and **CONSTANCE COLLIER**,<br><br>            Plaintiffs,<br><br>    v.<br><br>**WILMINGTON SAVINGS FUND SOCIETY, FSB**, as Trustee of Stanwich Mortgage Loan Trust A,<br><br>            Defendant. | Case No. 2:20-cv-681-HL<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

Before the Court are Plaintiffs Roy and Constance Collier's objections (ECF 62) to Magistrate Judge Andrew Hallman's Findings and Recommendation (ECF 60). Before Judge Hallman were cross motions for summary judgment filed by Plaintiffs and Defendant Wilmington Savings Fund Society, FSB (Wilmington), as well as Wilmington's request for judicial notice. Although the parties filed cross motions for summary judgment, Judge Hallman at times appeared to analyze those motions using the standards applicable to motions to dismiss, rather than motions for summary judgment. *See, e.g.*, ECF 60, at 7 ("Plaintiffs *fail to state a claim* for quiet title." (emphasis added)). In his Recommendation, Judge Hallman recommends

that this Court dismiss Plaintiffs' quiet title claim without prejudice and also that this Court grant Defendant's motion for summary judgment on that same claim—which would have the effect of disposing of the quiet title claim on the merits, *with* prejudice.[1] For these reasons, the Court declines to adopt Judge Hallman's Findings and Recommendation.

Plaintiffs assert this quiet title action against Defendant, seeking to enjoin Defendant from claiming any interest in Plaintiffs' real property in Wallowa County, Oregon. Under Oregon law, a quiet title claim is an equitable action to determine conflicting adverse claims, interests, or estates in real property. ORS 105.605. The governing statute provides that

> Any person claiming an interest or estate in real property not in the actual possession of another may maintain a suit in equity against another who claims an adverse interest or estate therein for the purpose of determining such conflicting or adverse claims, interests or estates.

ORS 105.605. "To secure a judgment quieting title, plaintiffs must prove that they have a substantial interest in, or claim to, the disputed property and that their title is superior to that of defendants." *Coussens v. Stevens*, 200 Or. App. 165, 171 (2005). That standard "require[s] that [the] plaintiffs prevail on the strength of their own title as opposed to the weaknesses of [the] defendants' title." *Id*. To rely on the strength of their own title against a mortgagee defendant, the borrowing plaintiffs must "expressly allege that: (1) his title is superior to that of defendants; and (2) the subject loan has been satisfied or that plaintiff is ready, willing and able to tender the full

---

[1] The Court additionally notes that it is not necessarily accurate to refer to the granting of a defendant's motion summary judgment as a "dismissal." *See* Bradley Scott Shannon, *A Summary Judgment Is Not A Dismissal!*, 56 Drake L. Rev. 1, 5 (2007) ("A summary judgment, because it relates to the merits, always precludes the relitigation of the underlying claims. A dismissal, on the other hand, does not always preclude the relitigation of the underlying claims." (footnotes omitted)).

PAGE 2 – OPINION AND ORDER

amount owed on the loan." *Oliver v. Delta Fin. Liquidating Tr.*, 2012 WL 3704954, at *5 (D. Or. Aug. 27, 2012) (simplified). As another court in this district has noted,

> A mortgagor, however, cannot demonstrate that she has greater title over the subject property than the mortgagee when the subject property secures an outstanding indebtedness. Moreover, equity would not be served by the court granting a quiet-title claim that would nullify a security interest without also ensuring that the underlying debt had been satisfied.

*Swango v. Nationstar Sub1, LLC*, 292 F. Supp. 3d 1134, 1144 (D. Or. Feb. 5, 2018).

Oregon is a lien theory state, "meaning that a mortgage on real estate does not convey legal or equitable title or interest to the holder of the mortgage (mortgagee). Instead, the mortgagee has only a lien on the property." *Kerr v. Miller*, 159 Or. App. 613, 621 (1999) (citing ORS 86.010); *see also Land Assoc., Inc. v. Becker*, 294 Or. 308, 312 (1982) (explaining the history of mortgages and Oregon's adoption of a lien theory of mortgage). Thus, as a lienholder, a mortgagee may foreclose in the event of a default. ORS 86.010 ("A mortgage of real property is not a conveyance so as to enable the owner of the mortgage to recover possession of the property without a foreclosure and sale.").

The parties here do not dispute any of the material facts relevant under Oregon law to Plaintiffs' claim for quiet title. Plaintiffs admit that they executed the Note to receive a loan on their property and contractually agreed to repay the loan, ECF 8 at ¶ 2, and they concede that the outstanding loan has not been satisfied, *id.* at ¶ 7. Plaintiffs also admit that they stopped making payments on the loan in 2009. ECF 48 at 2. Plaintiffs' claim to quiet title is based entirely on the purported weaknesses of Defendant's interest in the property, rather than the strength of Plaintiffs' interest. ECF 36 at 6 ("There is no genuine dispute that [D]efendant claims an interest in the Real Property adverse to [P]laintiffs. Defendant's claim to the Real Property is without

PAGE 3 – OPINION AND ORDER

merit. Defendant has no valid estate, title, claim, lien, right, or interest in the Real Property or any portion thereof for the following reasons." (citation omitted)).

Plaintiffs remain responsible for fulfilling their ongoing debt obligation, and "equity would not be served by the court granting a quiet-title claim that would nullify a security interest without also ensuring that the underlying debt had been satisfied." *Swango*, 292 F. Supp. 3d at 1144. The facts that Plaintiffs identify as "disputed"—such as whether there is an uninterrupted chain of recorded written assignments, whether Defendant can establish the terms of the Note, whether Plaintiffs are exposed to the risk of another party seeking to enforce the instrument, and whether Bank of America is the party who lost the Note—are not material to whether Plaintiffs can quiet title under Oregon law. Because no material facts are in dispute as to whether Plaintiffs have not yet paid the underlying loan, Defendant is entitled to summary judgment on Plaintiffs' quiet title claim. Plaintiffs' motion for summary judgment, therefore, is denied on the ground that they have not shown that they are entitled to a judgment in their favor under Oregon law of quiet title.[2]

As for Defendant's counterclaim, "[u]nder the Declaratory Judgment Act, a district court may 'declare the rights and other legal relations of any interested party seeking such declaration.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107 (9th Cir. 2011) (quoting 28 U.S.C. § 2201(a)). The Declaratory Judgment Act creates a remedy by which parties may seek a declaration of their rights and obligations, but the Declaratory Judgment Act does not confer jurisdiction on a case that otherwise could not be brought in federal court. *See Countrywide*

---

[2] Judge Hallman also found that, "[e]ven if Plaintiffs could state a claim for quiet title, Plaintiffs' claim should fail as a matter of law for the alternative reason that the Lost Note Affidavit is a sufficient substitute for the original lost Note." ECF 60 at 9. The Court declines to address whether the Lost Note Affidavit here is sufficient or under what circumstances such an affidavit may substitute for an original note. There may remain disputed facts on that question.

*Home Loans, Inc., v. Mortg. Guar. Ins. Corp.,* 642 F.3d 849, 853 (9th Cir. 2011). When an action involves only declaratory relief, and no other claims, the lawsuit "must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution" as well as "fulfill statutory jurisdictional prerequisites." *Gov't Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998). As relevant here, to evaluate whether an action seeking declaratory relief meets the statutory requirements for diversity jurisdiction, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (holding that the "object is the right of the individual Washington apple growers and dealers to conduct their business affairs in the North Carolina market free from the interference of the challenged statute" and that "[t]he value of that right is measured by the losses that will follow from the statute's enforcement"). Diversity jurisdiction appears to be satisfied here.

If the constitutional and statutory prerequisites are met, "the district court must also be satisfied that entertaining the action is appropriate. This determination is discretionary, for the Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory, authority.'" *Id.* (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (J. Reed, concurring)). Thus, a district court *may* exercise its discretion to entertain an independent declaratory relief claim that meets the case or controversy requirement and satisfies jurisdictional prerequisites, but it is not required to do so. Here, Defendant does not object to voluntary dismissal of its declaratory relief counterclaim without prejudice, based on the disposition of the parties' cross-motions for summary judgment.

The Court declines to adopt Judge Hallman's Findings and Recommendation (ECF 60). The Court DENIES Plaintiffs' motions for summary judgment (ECF 11 and 36). The Court

PAGE 5 – OPINION AND ORDER

GRANTS IN PART Defendant's motion for summary judgment (ECF 16) with respect to Plaintiff's quiet title claim (ECF 1). The Court DISMISSES WITHOUT PREJUDICE Defendant's counterclaim. The Court GRANTS Defendant's request for judicial notice (ECF 19).

**IT IS SO ORDERED**.

DATED this 26th day of April, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
