IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

ROY COLLIER and CONSTANCE
COLLIER,

                Plaintiffs,

    v.

WILMINGTON SAVINGS FUND
SOCIETY, FSB, as Trustee of Stanwich
Mortgage Loan Trust A,

                Defendant.

_____

Case No. 2:20-cv-00681-HL

**FINDINGS AND
RECOMMENDATION**

HALLMAN, United States Magistrate Judge:

This matter comes before the Court on Defendant Wilmington Savings Fund Society,

FSB's Request for Judicial Notice and Motion for Attorney's Fees and Bill of Costs.  ECF 69,

71.  Having considered the submissions of the parties, this Court recommends that Defendant's

Request for Judicial Notice, ECF 71, should be GRANTED, Defendant's Motion for Attorney's

Fees and Bill of Costs, ECF 69, should be GRANTED in part, and Defendant should be awarded $67,475.70 in attorney's fees and $3,194.15 in costs.

## BACKGROUND

Plaintiffs initially filed this action in Oregon state court, and Defendant removed it to the District of Oregon in April 2020. *See* Notice of Removal of Action, ECF 1. Plaintiffs assert one claim for relief for quiet title against Defendant, seeking to enjoin Defendant from claiming any interest in Plaintiffs' real property in Wallowa County, Oregon. *Id.* Ex. A ("Compl."), ¶ 1. They seek a judgment "[q]uieting title" on their property and "[e]njoining [D]efendant and those claiming under [D]efendant from asserting any estate, title, claim, lien, or interest in the premises or any portion thereof including, but not limited to, any interest arising under the Deed of Trust now or in the future." *Id.* at 5-6. In response, Defendant denied that Plaintiffs were entitled to relief and filed a counterclaim, seeking broad declaratory relief concerning the Deed of Trust, its lien position, and the effect of prior litigation between the parties. Ans. & Countercl. for Declaratory Relief 7-10, ECF 4.

In August 2020, Plaintiffs filed their original Motion for Summary Judgment. ECF 11. Defendant filed a Response to Plaintiffs' Motion for Summary Judgment and a Cross Motion for Summary Judgment on Defendant's counterclaim. ECF 16. On January 7, 2021, the Court granted the parties' Joint Motion for Extension of Discovery and Pre-Trial Order ("PTO") Deadlines, which reopened discovery and allowed the parties to "file any amended or supplemental briefs in support of summary judgment[.]" ECF 24. Plaintiffs then filed a Supplemental Motion for Summary Judgment, ECF 36, and Defendant filed a Supplemental Response, ECF 43. Defendant also filed a Request for Judicial Notice of the Deed of Trust

assignments, complaints filed in state court, and a disclaimer of interest from Bank of America. ECF 19.

Both parties asserted that they were entitled to summary judgment on their respective claim and counterclaims for a multiple reasons.  The parties' motions for summary judgment addressed several issues, including:  (1) whether Plaintiffs could proceed with their claim for quiet title under Oregon law given that there was no genuine issue of material fact as to whether they had satisfied the underlying loan; (2) whether the Lost Note Affidavit provided by Defendant was an adequate substitute for the lost original note; (3) whether the Note was properly transferred through a chain of assignments so that Defendant may enforce the Note; (4) whether a statute of limitations prevents Defendant from enforcing the Deed of Trust; (5) the Oregon Trust Deed Act; (6) whether Defendant's allonge affixed to the Lost Note Affidavit; and (7) prior litigation in state court between the parties.

Ultimately, the Court granted summary judgment to Defendant on Plaintiffs' quiet title claim, but only on the grounds that there was no genuine issue of material fact as to whether Plaintiffs had satisfied the underlying loan.  Op. & Order 2-4, ECF 67.  The Court declined to exercise jurisdiction over Defendant's counterclaim for declaratory relief, largely because Defendant did not object to the dismissal based on the disposition of the cross motions for summary judgment.  *Id*. at 4-5.  The Court dismissed Defendant's counterclaim without prejudice.  Judgment, ECF 68.

Following the Judgment, Defendant submitted this Motion for Attorney's Fees and Bill of Costs.  ECF 69.  Defendant also submitted a second Request for Judicial Notice.  ECF 71. Plaintiffs oppose both motions in their entirety.

## REQUEST FOR JUDICIAL NOTICE

Defendant requests that this Court take judicial notice of the Deed of Trust dated

December 15, 2006, and recorded in the Official Records of Wallowa County on December 19,

2006, as Instrument No. 056856.  Req. for Judicial Notice 2, ECF 71.  This Court agrees that the

Deed of Trust is a public record concerning real property that is subject to judicial notice under

Federal Rule of Evidence 803(14).

In opposing judicial notice, Plaintiffs assert under Rule 201, "a court may not take

judicial notice of a fact that is 'subject to reasonable dispute[.]'" *Lee v. City of Los Angeles*, 250

F.3d 668, 689 (9th Cir. 2001). Plaintiffs argue there are multiple disputes concerning the contents

of the Deed of Trust. Pls.' Obj. to Req. for Judicial Notice 3-4, ECF 74-2.  But Plaintiffs'

purported disputes pertain to "the interpretation and application" of the Deed of Trust and also

address events occurring after the execution of the Deed of Trust.  *Id.*  This Court does not take

judicial notice of "interpretations or applications" of the Deed of Trust or events after its

execution.  Rather, the Court only takes judicial notice of the fact that Plaintiffs executed a Deed

of Trust concerning the property on December 15, 2006, and that Defendant has provided a true

and accurate copy of that document.  Accordingly, Defendant's Request for Judicial Notice

should be granted.[1]

## MOTION FOR ATTORNEY'S FEES

A motion for attorney's fees must specify the judgment, statute rule, or other grounds

entitling the party to relief and state the amount sought.  Fed. R. Civ. P. 54(d)(2).  When the

action is based on diversity, state law governs a party's entitlement to fees.  *Alaska Rent-A-Car,*

---

[1] Plaintiffs submitted a request for a hearing concerning the basis for Defendant's Request for Judicial Notice. Pls.' Obj. 1, ECF 74-2.  Plaintiffs' request is denied.

*Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973 (9th Cir. 2013) ("[S]tate law on attorney's fees

is substantive, so state law applies in diversity cases.").  Under Oregon law, "the trial court

looks, first, to whether the party is entitled to attorney fees and, second, to the reasonableness of

the requested fees." *Bennett v. Baugh*, 164 Or. App. 243, 246 (1999).

I.    **Defendant is entitled to reasonable attorney's fees.**

     A.    **Plaintiffs' quiet title action was based on contract.**

In Oregon, "a court awards attorney fees to a litigant only if a statute or contract

authorizes such an award." *Swett v. Bradbury*, 335 Or. 378, 381 (2003).  Here, Defendant seeks

attorney's fees under Or. Rev. Stat. ("ORS") 20.096, which states:

> (1) In any action or suit *in which a claim is made based on a contract* that
> specifically provides that attorney fees and costs incurred to enforce the
> provisions of the contract shall be awarded to one of the parties, the party that
> prevails on the claim shall be entitled to reasonable attorney fees in addition to
> costs and disbursements. . . .
>
> (3) As used in this section . . . , "contract" includes any instrument or document
> evidencing a debt.

ORS 20.096 (emphasis added).

The statute "applies only when a claim is 'based on a contract.'"  *Ass'n of Unit Owners of*

*Bridgeview Condominiums v. Dunning*, 187 Or. App. 595, 630 (2003) (quoting ORS 20.096).

"When a claim is brought in tort, not to enforce the provisions of a contract, the contractual

attorney fees provision is inapplicable."  *Baldin v. Wells Fargo Bank, N.A.*, No. 3:12-648-AC,

2016 WL 3021726, at *4 (D. Or. Apr. 12, 2016) (quoting *Cascade Steel Fabricators, Inc. v.*

*Citizens Bank of Or.*, 46 Or. App. 573 (1980)), *aff'd*, 704 F. App'x 715 (9th Cir. 2017).  "By

contrast, when the substance of the complaint, even if styled as a tort, is the contract, the fee

provision will apply."  *Id.* (citing *Copeland-Turner v. Wells Fargo Bank, N.A.,* No. CV-11-37-

HZ, 2011 WL 5117877, at *6 (D. Or. Oct. 25, 2011).

Plaintiffs assert that their quiet title action is an equitable remedy not based on contract, so ORS 20.096(1) does not apply. This Court disagrees. The fact that quiet title is an equitable remedy is not dispositive, as equitable remedies can be based on contract. This Court must instead look to the substance of the Complaint, which demonstrates that the quiet title action was based on contract. Plaintiffs sought to quiet the title of "an interest in a deed of trust securing a promissory note encumbering the property." Compl. ¶ 18. They further alleged that Defendant "has no legal right to enforce the Note or to foreclose the Trust Deed." *Id.* ¶ 14. Thus, Plaintiffs' allegations demonstrate that their quiet title claims were based on the Promissory Note and Deed of Trust—two contracts between the parties. Therefore, ORS 20.096(1) applies.

**B.    Plaintiffs' evidentiary objections are irrelevant to the fee determination.**

Plaintiffs next argue that Defendant cannot recover attorney's fees because Defendant has not presented admissible evidence that it is a Note holder, lender, or beneficiary under the Deed of Trust. Pls.' Resp. to Def.'s Mot. Att'y Fees and Bill of Costs, ("Pls.' Resp.") 3-5, ECF 74. According to Plaintiffs, because there remains a dispute over whether Defendant is a beneficiary of that contract, this cannot be a dispute "based on a contract." *Id.* (citing ORS 20.096(1)).

Plaintiffs' evidentiary arguments miss the mark. At issue is whether this quiet title action was based on a contract that provides for attorney's fees, which in this case are the Deed of Trust and Promissory Note. Plaintiffs initiated this action to quiet title to the real property and determine the parties' rights and obligations under the Deed of Trust and Promissory Note. Plaintiffs' quiet title claim was based on those documents, even though the action was ultimately dismissed without any judicial determination as to whether Defendant was a valid lender or beneficiary under the Deed of Trust. Accordingly, it is unnecessary to resolve whether

Defendant is the actual holder, lender, or beneficiary under the Deed of Trust or Promissory Note

to determine that this action was based on contract under ORS 20.096(1).

### C.    Defendant is entitled to seek attorney's fees based on § 9 of the Deed of Trust.

Defendant alleges that multiple provisions of the Promissory Note and Deed of Trust

provide for attorney's fees.  Def.'s Mot. Att'y Fees 19.  Plaintiffs dispute this contention,

asserting that none of these provisions expressly allow for fees based on the single quiet title

claim they brought in this proceeding.[2]  For the following reasons, this Court concludes that § 9

of the Deed of Trust allows Defendant to recover fees in its defense of this quiet title action.

Under Oregon law, "whether a contractual attorney fee award applies is a fact-specific

determination based on the nature of the claim and the actual terms of the attorney's fees

provision."  *Copeland-Turner*, 2011 WL 5117877, at *6 (citing *Cascade Steel Fabricators, Inc.*,

46 Or. App. at 577–78).  Although this determination is fact-specific, "whether or not a contract

'specifically provides' that the prevailing party is entitled to attorney fees is a question of law."

*SNJ Online, LLC v. EYEC, LLC*, 313 Or. App. 634, 636 (2021) (citing *Eagle Industries, Inc. v.*

*Thompson*, 321 Or. 398, 405 (1995)).

Using this fact-specific determination, this Court concludes that § 9 of the Deed of Trust

applies to the claims brought by Plaintiffs in this action.  That section states:

> If … (b) there is a legal proceeding that *might significantly affect Lender's*
> *interest in the Property and/or rights under this Security Instrument*…, then

---

[2]  In addition to § 9 of the Deed of Trust, Defendant asserts that the Promissory Note and §§ 14
and 19 of the Deed of Trust allow it to recover attorney's fees in defense of this quiet title action.
Def.'s Mot. Att'y Fees 19.  This Court does not necessarily agree.  As noted by Plaintiffs, many
of those provisions are not expressly applicable to the single quiet title claim brought by
Plaintiffs. Pls.' Resp. 5-9.  Moreover, many of the cases cited by Defendant in arguing that those
provisions apply involved other actions, such as judicial foreclosure.  It is therefore questionable
as to whether those provisions would also provide for attorney's fees resulting from the defense
of a single quiet title claim.  Regardless, given this Court's conclusion that § 9 permits recovery
of attorney's fees, it is unnecessary to consider whether the remaining provisions cited by
Defendant provide an alternative basis for a fee award.

> Lender may do and pay for whatever is reasonable or appropriate to protect
> Lender's interest in the Property and rights under this Security Instrument…
> Lender's actions can include, but are not limited to… (c) *paying the reasonable*
> *attorneys' fees to protect its interests in the Property* and/or rights under this
> Security Instrument…

Req. for Judicial Notice. Ex. A ("Deed of Trust"), at 29-30 (emphasis added).

When construing language similar to § 9, courts in this district have previously

commented that this language "is broad, encompassing legal proceedings brought by plaintiff

that may significantly affect [the lender's] rights in the property." *Copeland-Turner*, 2011 WL

5117877, at *7 (awarding attorney's fees on a conversion claim when the plaintiff's allegations

concerned the contractual loan transaction between the lender or its predecessors in interest).

This Court agrees that § 9 of the Deed of Trust specifically provides for attorney's fees

incurred in defending Plaintiffs quiet title claim.  Plaintiffs do not dispute that a quiet title action

significantly affects the lender's interest in the property.  Pls.' Resp. 7.  Rather, they assert that §

9 does not permit an award of fees because it specifically provides that "[a]ny amounts disbursed

by Lender under this Section 9 shall become additional debt of Borrower secured by this

Security Instrument."  *Id*. (citing Deed of Trust, § 9).  This Court disagrees.  The fact that any

attorney's fees awarded under § 9 become additional debt secured by the property does not

restrict the lender's ability to seek those same fees in a judicial proceeding.  Accordingly, this

Court concludes that § 9 of the Deed of Trust permits Defendant to seek attorney's fees in

relation to its defense of the quiet title action.

### D.    Defendant is the prevailing party on Plaintiffs' quiet title claim only.

Finally, Plaintiffs assert that Defendant is not entitled to attorney's fees on its dismissed

counterclaim because "Defendant prevailed *only* on Plaintiff's claim" for quiet title.  Pls.' Resp.

13 (emphasis added).  In response, Defendant asserts that it is the prevailing party in this

litigation because it prevailed on Plaintiffs' quiet title claim and its dismissed counterclaims were

intertwined with the issues presented in this claim.  Def.'s Reply to Pls.' Resp. 6, ECF 75.

To determine the prevailing party under ORS 20.096, the Court refers to ORS 20.077.

*Mindful Insights, LLC v. VerifyValid, LLC*, 301 Or. App. 256, 269 (2019), *adhered to on*

*reconsideration*, 302 Or. App. 528 (2020).  That statute provides:

> (1) In any action or suit in which one or more claims are asserted for which an award of attorney fees is either authorized or required, *the prevailing party on each claim* shall be determined as provided in this section.

> (2) For the purposes of making an award of attorney fees on a claim, *the prevailing party is the party who receives a favorable judgment or arbitration award on the claim*. If more than one claim is made in an action or suit for which an award of attorney fees is either authorized or required, the court or arbitrator shall:

> (a) Identify each party that prevails on a claim for which attorney fees could be awarded; [and]

> (c) Decide the amount of the award of attorney fees on claims for which the court or arbitrator is required to award attorney fees[.]

ORS 20.077 (emphases added).

Determining "which party received a 'favorable judgment' requires a comparison of the

results sought and obtained by each party." *Merrick v. City of Portland*, 313 Or. App. 647, 662

(2021).  "[T]he prevailing party is to be determined on a claim-by-claim basis." *Robert Camel*

*Contracting, Inc. v. Krautscheid*, 205 Or. App. 498, 504 (2006) (quotations omitted).  "When a

party prevails in an action that encompasses both a claim for which attorney fees are authorized

and a claim for which they are not, the court must apportion the fees incurred for each claim. It

may award only the fees reasonably incurred for the claim for which attorney fees are authorized,

*except when there are issues common to both claims*."  *Greb v. Murray*, 102 Or. App. 573, 576

(1990) (emphasis added).

Defendant is the prevailing party on Plaintiffs' quiet title claim. The Court's Judgment states that Defendant prevailed against Plaintiffs' claim. ECF 68; *see Sunset Presbyterian Church v. Andersen Const. Co*., 268 Or. App. 309, 324 (2014) (A party "prevailed by defending successfully."). And Plaintiffs do not contest that Defendant is the prevailing party on that claim. Pls.' Resp. 14. Defendant is therefore entitled to attorneys' fees related to its defense of the quiet title action.

On the other hand, there is no basis for Defendant's contention that it prevailed in this action in its entirety. Defendant did not receive a favorable judgment on any of its counterclaims, which were dismissed without adjudication. Op. & Order 5. This Court concludes that Defendant is only entitled to attorney's fees resulting from its defense of the quiet title action, including any attorney's fees incurred litigating issues that were common to both the defense of the quiet title claims and Defendant's counterclaims.

## II.    Defendant's Reasonable Attorney's Fees

### A.    Legal Standards

"The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). However, "the district court [is] required to independently review plaintiffs' fee request even absent defense objections[.]" *Id.*

Under Oregon law, "[i]n determining a reasonable amount of fees to award 'in any case in which an award of attorney fees is authorized or required by statute,' ORS 20.075(2) requires

the court to 'consider the factors in subsection (1) of this section'—the factors used to determine whether to award discretionary fees in the first place—as well as other statutory factors contained in subsection (2)." *Friends of the Columbia Gorge v. Energy Facility Siting Council*, 367 Or. 258, 267 (2020). "Those factors are frequently captured by the 'lodestar' approach, under which a fee award is 'based on a reasonable hourly rate, multiplied by a reasonable number of hours devoted to work on the case, with certain adjustments potentially made to that amount for factors such as the risk of loss and the quality of the attorney's work.'" *Id*. (quoting *Strawn v. Farmers Ins. Co*., 353 Or. 210, 217 (2013). Oregon law further directs that when analyzing these factors, a court should "includ[e] in its order a brief description or citation to the factor or factors on which it relies . . . ." *McCarthy v. Or. Freeze Dry, Inc*., 327 Or. 185, 190-91 (1998).

In determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations omitted).

The district court may determine, in one of two ways, whether hours are excessive, redundant, or otherwise unnecessary and thus excludable. The court may conduct an hour-by-hour analysis of the fee request. *Id*. at 1203. Alternatively, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Id*. (quoting *Gates*, 987 F.2d at 1399) (quotations omitted). "[W]hen a district court decides that a percentage cut (to either the

lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.'" *Id*. (quoting *Gates*, 987 F.2d at 1400). The Ninth Circuit recognizes one exception to this rule: "'[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.'" *Id*. (alteration in original) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

After determining the number of hours reasonably spent, the district court calculates the reasonable hourly rates for the attorneys and paralegals whose work comprises the reasonable number of hours used to calculate the lodestar amount. *Id.* at 1205. For this purpose, the "'prevailing market rates in the relevant community' set the reasonable hourly rate." *Id.* (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)).

There is a strong presumption that the fee arrived at through the lodestar calculation is a reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010). A district court may, however, adjust the lodestar amount in "rare" and "exceptional" cases, such as when a particular factor bearing on the reasonableness of the attorney's fees is not adequately considered in the lodestar calculation. *Id*. at 552-54.

### B.   Defendant's Reasonable Number of Hours

The parties present starkly contrasting views of the reasonableness of the time Defendant spent litigating the quiet title action. Plaintiffs assert that if Defendant is entitled to fees, it is only entitled to time spent litigating the narrow issue it prevailed upon—that there was no issue of fact as to whether Plaintiffs had satisfied the underlying loan. Pls.' Resp. 18. In contrast, Defendant asserts that all its time is recoverable because it had to respond to the numerous arguments presented by Plaintiffs, which concerned novel questions of law, and any time spent

litigating its counterclaims was intertwined with those other legal issues.  Def.'s Reply 6, ECF

75.  This dispute largely pertains to the factors in ORS 20.075(2) ("The time and labor required

in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the

skill needed to properly perform the legal services" and "[t]he amount involved in the

controversy and the results obtained.").

> This Court rejects Plaintiffs' assertion that Defendant is only entitled to time spent on the

narrow issue upon which it ultimately prevailed.  In litigating Plaintiffs' quiet title claim, both

parties briefed numerous issues through multiple rounds of summary judgment, only to have the

claim dismissed on a relatively narrow legal issue.  Plaintiffs' fault Defendant for not moving to

dismiss this action at the outset and instead spending substantial resources responding to the

arguments Plaintiffs raised in their summary judgment motions.  Pls.' Resp. 15-16.  But

Defendant is entitled to reasonable attorney's fees resulting from its defense of Plaintiffs' claim

for quiet title, not just its fees resulting from the narrow issue upon which it prevailed.  *See*

*Cabrales v. Cnty. of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991) ("If [a party] ultimately

wins on a particular claim, [the party] is entitled to all attorney's fees reasonably expended in

pursuing that claim[.]").  It was not unreasonable for Defendant to address all of Plaintiffs'

arguments in depth after discovery.  Accordingly, this Court rejects Plaintiffs' invitation to

reduce Defendant's reasonable time to only what was relevant to the narrow issue it ultimately

prevailed on.

> But for reasons set forth above, Defendant is only entitled to reasonable fees related to its

defense of the quiet title action.  Defendant is not entitled to recover fees that are solely or

primarily related to its dismissed counterclaims or other issues.  Plaintiffs have specifically

identified time spent drafting an allonge and researching judicial foreclosure as time that was

unrelated to the quiet title claims. Pls.' Resp. 18. This Court should exclude any such hours, which include 0.2 hours of attorney Tony Kullen's time on May 6, 2021 and 0.3 hours of attorney Lukasz Wozniak's time on October 29, 2021.[3]

In addition, Plaintiffs assert that Defendant should not receive attorney's fees relating to the discovery dispute and Motion to Compel brought by Plaintiffs, which the Court resolved in Plaintiffs' favor. Pls.' Resp. 147. This dispute pertains to the factors in ORS 20.075(1)(e) ("The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings."). This Court declined to sanction Plaintiffs for failing to provide the ordered discovery. Min. Order, May 12, 2021, ECF 38. That said, Defendant's litigation of the Motion to Compel "did not contribute to the ultimate victory in the lawsuit" and is not compensable. *Hood River Cnty. Sch. Dist. v. Student*, No. 3:20-CV-1690-SI, 2022 WL 1153986, at *8 (D. Or. Apr. 19, 2022) (citing *Cabrales*, 935 F.2d at 1052). This Court should exclude those hours, which include 12.8 hours of attorney Tony Kullen's time from April 7, 2021 to May 13, 2021.

### C.  Defendant's Reasonable Hourly Rate

Next, this Court considers the hourly rate sought by Defendant. Defendant seeks rates of $285 to $335 per hour for the time seven attorneys billed on this case. Declaration of Lukasz I. Wozniak ("Wozniak Decl.") ¶ 10. Attorneys Lukasz Wozniak and Tony Kullen billed nearly all the hours on this case. Both attorneys focus on real estate litigation. Lukasz bills at rates of $315 and $335 per hour, and Kullen bills at $285 per hour. Other attorneys with similar hourly

---

[3] Plaintiffs assert that it is "difficult and cumbersome to point out each of the time tickets associated with nonrelated matters." Pls.' Resp. 17. Without specific objections from Plaintiffs, however, this Court is in no better position to undertake that difficult and cumbersome task. Nevertheless, this Court has independently reviewed all of Defendant's time entries and, based on that review, will allow all other time entries because they are related to the defense of the quiet title claim. Almost all issues in this case, including discovery and motions practice, were common to both the quiet title claim and the dismissed counterclaims.

rates billed limited time on this matter.  In arguing that these rates are reasonable, Defendant

relies in part on the Oregon State Bar 2017 Economic Survey ("OSB 2017 Survey"), which

contains data on attorney billing rates based on an attorney's type of practice, geographic area,

and years of experience.  Wozniak Decl. ¶ 11.  That survey indicates that Defendant's rates are

within those customarily charged in eastern Oregon, even if on the higher end of the survey.  *Id*.

Defendant also asserts that these rates were justified because this case "involved an issue of first

impression in Oregon and . . . this matter was heavily litigated in federal court."  *Id*.

Based on this evidence, which Defendant failed to challenge or rebut, *see* Pls.' Resp. 15,

this Court concludes that Plaintiff's requested rates are reasonable.

### D.    Lodestar Calculation

Defendant asserts that it has incurred $78,801.00 in attorney's fees in this litigation,

which accounts for all the time incurred litigating this action at the full hourly rate of each

attorney.  For reasons set forth above, this Court concludes that the following reductions are

appropriate: 0.3 hours of Kullen's time spent on the allonge to the Lost Note Affidavit, 12.8

hours of Kullen's time spent on the Motion to Compel (both billed at $285 per hour), and 0.3

hours of Wozniak's time spent researching judicial foreclosure (billed at $315 per hour)—

representing a total reduction of $3,828.  Thus, the lodestar calculation yields a total of $74,973

in attorney's fees.

Plaintiffs assert that, notwithstanding this calculation, Defendant's requested fees are

"unreasonable" and Defendant should be awarded no fees or substantially less fees.  Pls.' Resp.

14-18.  In asserting that the overall fees are unreasonable, Plaintiffs rely on the same arguments

that this Court has addressed previously.  When considering those arguments collectively, this

Court cannot conclude that this is the type of "rare" or "exceptional" case where the lodestar

amount does not adequately reflect the factors bearing on the reasonableness of the attorney's fees. However, this Court recommends a 10 % "haircut" on the overall fee award to Plaintiff. Although a specific explanation of a 10% reduction is not required, *see Gonzalez*, 729 F.3d at 1202, this Court considers the limited grounds upon which Defendant ultimately prevailed relative to the total resources it expended in defending this matter. Accordingly, this Court recommends a total attorney's fees award of $67,475.70.

## BILL OF COSTS

Defendant has submitted a Bill of Costs, seeking to recover the following costs pursuant to Rule 54(d) and LR 54-1:

| DESCRIPTION | AMOUNT |
| --- | --- |
| Title Company Charge to Retrieve Property Report | $175.00 |
| Court Fees to Remove Action to District Court | $400.00 |
| Deposition Fees | $2,566.22 |
| Federal Express Charges | $52.93 |

Plaintiffs request that this Court deny the Motion for Attorney's Fees and Bill of Costs in its entirety but do not provide any basis for their position on the Bill of Costs. Pls.' Resp. 18. This Court, having reviewed the Bill of Costs and supporting affidavit,[4] concludes that Defendant's costs are reasonable and recommends that Defendant be awarded $3,194.15 in costs.

## RECOMMENDATION

Defendant's Request for Judicial Notice, ECF 71, should be GRANTED. Defendant's Motion for Attorney's Fees and Bill of Costs, ECF 69, should be GRANTED in part, and Defendant should be awarded $67,475.70 in attorney's fees and $3,194.15 in costs.

---

[4] Defendant does not separately identify its costs for each individual deposition in the affidavit, but those costs are included with its fee statements attached to the affidavit.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 2nd day of November 2022.

ANDREW HALLMAN
United States Magistrate Judge