IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROY COLLIER** and **CONSTANCE COLLIER**,

       Plaintiffs,

v.

**WILMINGTON SAVINGS FUND SOCIETY, FSB**, as Trustee of Stanwich Mortgage Loan Trust A,

       Defendant.

Case No. 2:20-cv-681-HL

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Andrew Hallman issued Findings and Recommendation on November 2, 2022. Judge Hallman recommended that this Court grant Defendant Wilmington Savings Fund Society, FSB's Request for Judicial Notice, ECF 71, and grant in part Defendant's Motion for Attorney's Fees and Bill of Costs, ECF 69. Judge Hallman recommended that this Court award Defendant $67,475.70 in attorney's fees and $3,194.15 in costs.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although absent objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiffs timely filed an objection, ECF 93, to which Defendant responded, ECF 94. First, Plaintiffs object to the Findings and Recommendation in its entirety and refer generally to their original briefing. A "general" objection to a Findings and Recommendation does not meet the "specific written objection[]" requirement of Rule 72(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Velez-Padro v. Thermo King de Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) ("Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)."). The Court thus reviews the bulk of Judge Hallman's Findings and Recommendation for clear error and finds none.

Second, Plaintiffs object specifically to the portion of Judge Hallman's Findings and Recommendation that orders Plaintiff to pay attorney fees directly to Defendant. Judge Hallman

bases his award of attorney fees on § 9 of the Deed of Trust dated December 15, 2006, and

recorded in the Official Records of Wallowa County on December 19, 2006, as Instrument No.

056856. His Findings and Recommendation concludes that § 9 of the Deed of Trust provides for

attorney fees incurred in defending Plaintiffs' quiet title claim. In relevant part, § 9 reads:

> If . . . (b) there is a legal proceeding that might significantly affect
> Lender's interest in the Property and/or rights under this Security
> Instrument . . . , then Lender may do and pay for whatever is
> reasonable or appropriate to protect Lender's interest in the
> Property and rights under this Security Instrument . . . Lender's
> actions can include, but are not limited to . . . (b) appearing in
> court, (c) **paying the reasonable attorneys' fees to protect its
> interests in the Property** and/or rights under this Security
> Instrument . . .
>
> **Any amounts disbursed by Lender under this Section 9 shall
> become additional debt of Borrower secured by this Security
> Instrument**. **These amounts shall bear interest at the Note rate
> from the date of disbursement and shall be payable, with such
> interest, upon notice from Lender to Borrower requesting
> payment.**

Def.'s Req. Judicial Notice, Ex. A (Deed of Trust), ECF 71 at 10-11 (emphasis added). Plaintiffs

entered into this Deed of Trust with GreenPoint, the original lender, to purchase real property on

or about December 19, 2006. The Deed of Trust states that it secures a Promissory Note (Note).[1]

Plaintiffs argue that § 9 of the Deed of Trust does not permit an award of fees related to

Defendant's defense of the quiet title action. Plaintiffs point to the portion of § 9 that specifically

provides that "[a]ny amounts disbursed by Lender under this Section 9 shall become additional

debt of Borrower secured by this Security Instrument." Under Plaintiff's interpretation of § 9, the

---

[1] The key terms of the Note are that Plaintiffs agreed to pay their lender $375,000.00 in
principal, plus interest at the fixed rate of 6.250%, in regular installments until January 2037 at
which time any remaining principal and unpaid interest will be due. Interest is payable on the
unpaid principal balance of the Note until the principal is paid in full at a fixed rate of 6.250%
payable in even amortizing payments. Decl. Zachary Hostetter in Supp. of Pls.' Mot. Summ. J.
(Affidavit of Lost Note), ECF 37 at 18-20.

Deed of Trust confines payment or collection of attorney fees to proceeds from sale or foreclosure of the property subject to the security interest and does not allow for collection or deficiency judgment directly against the borrower. In other words, according to Plaintiffs, they should not have to pay fees directly to Defendant, who may collect these fees only upon sale or foreclosure of Plaintiffs' property.

Judge Hallman rejected this argument from Plaintiffs, explaining that "[t]he fact that any attorney's fees awarded under § 9 become additional debt secured by the property does not restrict the lender's ability to seek those same fees in a judicial proceeding." ECF 76 at 8. As support for this statement, Defendant points to three lawsuits in which the District of Oregon awarded attorney's fees in a mortgage dispute based on identical or nearly identical provisions to § 9 of the Deed of Trust. *See U.S. Bank Nat'l Ass'n v. Edwards*, 2019 U.S. Dist. LEXIS 92574, at *7 (D. Or. Mar. 14, 2019) (finding that under an identical term to § 9, Edwards had expressly agreed to pay the attorney fees that the bank incurred); *Baldin v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 68638, at *16 (D. Or. Apr. 12, 2016) (finding that governing loan transaction documents identical to § 9 allowed Wells Fargo to recover attorney fees for defending against the plaintiff's claims that challenged Wells Fargo's property interests); *Copeland-Turner v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 123523, at *18-19 (D. Or. Oct. 25, 2011) (pointing to the breadth of a nearly identical deed of trust's attorney fee provision and concluding that Wells Fargo was entitled to the attorney's fees incurred in defending itself against the plaintiff's challenge to Wells Fargo's interest in its property). According to Defendant, these decisions authorize Defendant's recovery of attorney's fees by an *award* upon its motion as the prevailing party.

PAGE 4 – ORDER

Plaintiffs attempt to distinguish § 9 from the text of the Deed of Trust in *Copeland-Turner*. The relevant section of the Deed of Trust in *Copeland-Turner* reads:

> **I will pay to Lender** any amounts which Lender advances under this Paragraph 7 with interest, **at the interest rate in effect under the Secured Notes** which have not been paid. **I will pay those amounts to Lender when Lender sends me notice requesting that I do so.** Interest on each amount will begin to accrue on the date that the amount is advanced by Lender.

*Copeland-Turner*, 2011 U.S. Dist. LEXIS 123523, at *4-5 (emphasis added). Plaintiffs' argument is unconvincing. There is no material difference between the disputed terms, which both state that the amounts will accumulate interest at the rate defined in the Note and that the borrower must pay the amount upon notice from the lender. The use of active voice ("I will pay to Lender . . . when Lender sends me notice") versus passive voice ("These amounts . . . shall be payable . . . upon notice") is not significant. If anything, the provision here is more beneficial to the lender, as it specifies that the debt is "secured by this Security Instrument." Further, Plaintiffs do not address that the deed text in *Edwards* and *Baldin* is identical to § 9. The Court observes, however, that in all three of these cases, the borrower did not challenge the form of the award as Plaintiffs do here.

As Judge Hallman noted, the Court looks to the actual terms of the attorney's fees provision to determine whether a contractual attorney fee award applies. *Copeland-Turner*, 2011 U.S. Dist. LEXIS 123523, at *15. The Court agrees with Judge Hallman and the courts in *Copeland-Turner*, *Edwards*, and *Baldin* that the governing loan transaction documents allow for an award of attorney's fees to Defendant in this type of case. Thus, Defendant is entitled to attorney's fees as a prevailing party after a lawsuit filed against it by Plaintiffs. The form of the fees, however, should conform to the terms of § 9 of the Deed of Trust. As there is no

enforcement motion pending, the Court declines to opine on Defendant's debt collection options right now.

 The Court ADOPTS Judge Hallman's Finding and Recommendations (ECF 76). The Court GRANTS Defendant's Request for Judicial Notice of the Deed of Trust, dated December 15, 2006, and recorded in the Official Records of Wallowa County on December 19, 2006, as Instrument No. 056856 (ECF 71). The Court GRANTS IN PART Defendant's Motion for Attorney's Fees and Bill of Costs (ECF 69). The Court awards Defendant $67,475.70 in attorney's fees and $3,194.15 in costs, which shall become additional debt of Plaintiffs secured by the Deed of Trust and which shall bear interest at the rate defined in the Note and become payable upon notice from Defendant to Plaintiffs requesting payment, as specified in § 9 of the Deed of Trust.

 **IT IS SO ORDERED.**

 DATED this 6th day of July, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
